# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| EXPRESS SCRIPTS, INC. )<br><br>Plaintiff, )<br><br>vs. )<br><br>WALGREEN CO., )<br><br>Defendant. ) | Case No. 4:08cv1915 TCM |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant, Walgreen Co. ("Walgreen"), to strike fifteen of the twenty-six affirmative defenses pled by plaintiff, Express Scripts, Inc. ("Express Scripts"), in response to Walgreen's three counterclaims. The parties have devoted more than forty pages of briefing to this issue.

Rule 12(f) provides that the Court may order stricken from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . .'" **Fantasy, Inc. v. Fogerty**, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotations omitted) (alterations in original), rev'd on other grounds, 510 U.S. 517 (1994). Rule 12(f)'s function is not to "procure the dismissal of all or part of a complaint, or a counterclaim, or to strike affidavits." 5A Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure, § 1380 at 644 (2nd ed. 1990); accord **Mille Lacs Band of Chippewa Indians v. Minnesota**, 952 F. Supp. 1362, 1395 (D. Minn. 1997). Moreover, Rule 12(f) motions to strike are "viewed with disfavor and are

infrequently granted." **Lunsford v. United States**, 570 F.2d 221, 229 (8th Cir. 1977); accord **BJC Health Sys. v. Columbia Cas. Co.**, 478 F.3d 908, 917 (8th Cir. 2007); **City, Stanbury Law Firm, P.A v. IRS**, 221 F.3d 1059, 1063 (8th Cir. 2000); **Johnson v. Metropolitan Sewer Dist.**, 926 F. Supp. 874, 875 (E.D. Mo. 1996). Generally, a motion to strike will not be granted unless it is clear that the pleading has no bearing on the subject matter of the litigation and its inclusion will prejudice the other party. **FRA S.p.A. v. Surg-O-Flex of Am., Inc.**, 415 F. Supp. 421, 427 (S.D. N.Y. 1976) (cited with approval in Williams v. Hawkeye Cmty. College, 494 F. Supp.2d 1032, 1043 (N.D. Iowa 2007)). The moving party "must show that the allegations being challenged in the [plaintiff's] answer are 'so unrelated to the [counterclaimant's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceedings will be prejudicial to the moving party.'" **Sobba v. Elmen**, 462 F. Supp.2d 944, 946 (E.D. Ark. 2006) (quoting 5C Charles Allen Wright and Arthur R. Miller, Federal Practice and Procedure, § 1380 (3rd ed. 2004)); accord **Howell v. Gray**, 10 F.R.D. 268, 271 (D. Neb. 1950).

For example, in **Whitmer v. Atchinson, Topeka & Sante Fe RR Co.**, 82 F. Supp. 914 (W.D. Mo. 1948), defendant moved to strike several of plaintiff's claims on the grounds they exceeded the five-year statute of limitations. **Id.** at 914. The court denied the motion, holding that it would properly deny at trial any claims that violated the statute of limitations; therefore, no harm would come of the allegations in the pleadings. **Id.** This holding reflects the principle that the mere presence of redundant and immaterial matter not affecting the substance of the lawsuit is insufficient grounds to strike a pleading. See **Westmoreland**

**Asbestos Co. v. Johns-Manville Corp.**, 30 F. Supp. 389, 392 (S.D. NY 1939), affirmed, 113 F.2d 114 (2nd Cir. 1940) (per curiam).

The fifteen affirmative defenses at issue and the Court's ruling on each are as follows.

Affirmative Defense One. In this first affirmative defense, Express Scripts "denies each and every allegation in Walgreen's Counterclaims." Walgreen argues that this is not at all an affirmative defense. The Court agrees. Express Scripts has already answered all of Walgreen's allegations and this affirmative defense neither adds nor subtracts anything to or from the lawsuit. This defense shall be stricken.

Two. In this affirmative defense, Express Scripts alleges that Walgreen's counterclaims fail to state a claim upon which relief can be granted. Walgreen argues that this is a legal conclusion and is insufficiently pled. The Court disagrees, and finds no prejudice to Walgreen.

Three. Express Scripts next alleges that Walgreen has not suffered any damages or, alternatively, has failed to mitigate its damages. Walgreen argues that this allegation is a redundancy and a legal conclusion. If Walgreen fails to prove any damages, a judgment cannot be entered against Express Scripts on the counterclaims. If Walgreen proves damages, Express Scripts will be able to offer proof relevant to the mitigation of damages. The defense will not be stricken.

Seven. Express Scripts alleges in this affirmative defense that Walgreen's counterclaims are barred by the "doctrines of waiver, estoppel, ratification, unclean hands and/or latches." Walgreen contends that this defense is insufficiently pled and too broadly

pled. Walgreen does not cite to any Eighth Circuit Court of Appeals case requiring a heightened level of pleading in an affirmative defense. It will not be stricken.

Nine. Express Scripts alleges that any damage sustained by Walgreen is not Express Scripts' fault. The finder of fact will hear any evidence relevant to this issue and make a determination accordingly. The defense will not be stricken.

Ten. In this similar affirmative defense, Express Scripts alleges that any damages suffered by Walgreen have no causal connection to Express Scripts' action. Yes, it is redundant. But, as with other of these controversies about affirmative defenses, the lack of any showing of prejudice calls into question the effort put into litigating these issues. If Walgreen cannot prove a causal connection between its damages and Express Scripts' actions, it will not prevail. The defense will not be stricken.

Eleven. In its eleventh affirmative defense, Express Scripts states that Walgreen has failed to state a claim for its attorney's and expert's fees. Whether Walgreen is entitled to these is unrelated to whether Express Scripts is allowed to assert this affirmative defense. It will not be stricken.

Fifteen. Express Scripts, "pleading alternatively and hypothetically," demands a bifurcated trial on the issue of punitive damages. This is a demand, not a defense. The Court will make the decision on bifurcation at a later time, if necessary. This "affirmative defense" will be stricken.

Sixteen. This paragraph quotes the parties' agreement, is not an affirmative defense, and serves no purpose as pled. This paragraph will be stricken.

Seventeen. Express Scripts asserts in its seventeenth paragraph that the parties' agreement permits it to deduct remittances from those of Walgreen claims that do not comply with that agreement. This paragraph will be stricken for the same reasons that paragraph sixteen will be.

Eighteen. Express Scripts next outlines various deficiencies Walgreen is alleged to have committed when submitting its claims to Express Scripts for reimbursement. This may or may not be an affirmative defense; and, the Court is unclear whether these deficiencies have previously been alleged by Express Scripts. The Court is clear, however, that Walgreen has failed to shown any prejudice from Express Scripts pleading these allegations in this manner. This defense will not be stricken.

Twenty. Express Scripts alleges that it has not been unjustly enriched at Walgreen's expense. There is no showing of prejudice from this allegation. It will not be stricken.

Twenty-two. Arguing that all of Walgreen's counterclaims are frivolous, Express Scripts seeks an award of costs and attorney's fees. This will not be stricken for the reasons set forth in affirmative defense number eleven.

Twenty-three. Express Scripts alleges that Walgreen failed to satisfy conditions precedent to pursuing its claims. Again, these issues relate to the parties' agreement. No prejudice has been shown by the inclusion of this affirmative defense. It remains.

Twenty-four. In the last of the challenged affirmative defenses, Express Scripts "gives notice that it intends to rely upon such other affirmative defenses" as may become known and "reserves the right to amend its Answer to assert those defenses." The Court agrees with Walgreen that this is not an affirmative defense. This is also bravado. Any request to amend

an answer, or complaint or counterclaims, is subject to the Court granting leave, which will not be granted without the opposing party being heard. The assertion of this "affirmative defense" does not prejudice Walgreen, nor does it favor Express Scripts. It will not be stricken.

Accordingly, as set forth above,

**IT IS HEREBY ORDERED** that the motion of Walgreen Co. to strike is **GRANTED** in part and **DENIED** in part. [Doc. 60] It is **GRANTED** as to affirmative defenses one, fifteen, sixteen, and seventeen and **DENIED** as to affirmative defenses two, three, seven, nine, ten, eleven, eighteen, twenty, twenty-two, twenty-three, and twenty-four.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of December, 2009.